35 C.C.P.A.(Patents)

### Application of FREEDLANDER et al.

### Patent Appeal No. 5463.

Court of Customs and Patent Appeals.

June 1, 1948.

Toulmin & Toulmin, of Dayton, Ohio (H. A. Toulmin, Jr. and Herbert H. Brown, both of Dayton, Ohio, and John M. Mason, of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (J. Schimmel, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 3, 6, and 8 to 11, inclusive, in appellants' application for a patent for a method of making a draft apron for textile machinery, on the ground of lack of invention over the prior art.

Counsel for appellants moved to dismiss claims 8 and 10. The motion will be granted.

Claims 3 and 11 are sufficiently representative of the claims before us on appeal. They read:

"3. The method of making a draft apron for textile machinery which comprises depositing a layer of rubberlike material reinforced with fine textile fibers laid parallel to each other and transverse of the longitudinal axis on a clyinder or mandrel, placing thereover a layer of substantially inextensible cord, covering and impregnating the cord with a layer of rubberlike material, vulcanizing the built-up body, and grinding or abrading the surface to produce a proper working surface."

"11. The method of making a draft apron for textile machinery which comprises placing a layer of rubberlike material reinforced with fine textile fibers laid parallel to each other and transverse of the longitudinal axis on a cylinder or mandrel, placing thereover a layer of substantially inextensible cord, superposing thereon a layer of textile free rubberlike material of substantially the same thickness as the first mentioned layer of textile reinforced rubberlike material, vulcanizing the built-up body, and grinding or abrading the surface to produce a proper working surface, whereby there is produced an apron in which the cord layer is equidistantly spaced from either surface thereof and in which one surface consists of rubberlike material reinforced with fine textile fiber and the second consists of textile free rubberlike material."

The references relied on are: Crague et al., 77,173, April 28, 1868; Hosli (Br.), 8,413 November 23, 1905; Lowry (Br.), 443,642, March 2, 1936; Bemis, 2,157,093, May 9, 1939; Bacon, 2,315,763, April 6, 1943; Billmeyer, 2,377,316, June 5, 1945.

Appellants' application relates to the making of draft aprons. The aprons are endless belts which are used in drawing out

textile fibers preliminary to spinning operations. In appellants' process a tube of rubber-like material, reinforced with textile fibers extending transversely to the longitudinal axis of the apron is deposited on a mandrel and a layer of cord is placed over it. The cord layer is then covered and impregnated with rubber-like material and the assembly is vulcanized and ground or abraded to provide a proper "working surface."

The Board of Appeals held that the Hosli and Crague et al. references did not appear to be pertinent and that the patents to Bemis and Lowry were merely cumulative to the disclosure in the patent to Billmeyer. Accordingly, the only patents which need be considered here are those to Billmeyer and Bacon.

The patent to Billmeyer discloses a method of making a draft apron in which a layer of synthetic rubber is placed on a mandrel and a layer of cord is wound over it. A second coating of synthetic rubber is then applied over the cord, additional fabric and facing layers are applied and the assembly is vulcanized and its surface is ground or buffed.

The patent to Bacon discloses a method of making lug straps, in which rubberized fabric is applied to a drum, a layer of cord is wound over it, more rubberized fabric is applied over the cord, and the assembly is molded and vulcanized.

Both the examiner and the board held all the appealed claims unpatentable over the disclosure in the patent to Billmeyer although they applied the reference somewhat differently. The board, as pointed out by counsel for appellants, apparently misconstrued certain claims in holding that the longitudinal axis referred to is that of the mandrel rather than that of the apron.

The patent to Billmeyer clearly discloses each of the manipulative steps set forth in the appealed claims. In seeking to distinguish the appealed claims over the reference, counsel for appellants rely on the statement in each of those claims that the inner layer includes reinforcing fibers laid parallel to each other and transverse to the longitudinal axis of the apron.

The patent to Billmeyer does not disclose reinforcing fibers in the inner layer. However, the specific material used for the inner layer does not constitute a new step in the method. The novelty, if any, in this feature resides in the article and not in the method. An old method cannot be rendered patentable by applying it to a new and analogous material. See In re Saunders et al., 154 F.2d 693, 33 C.C.P.A., Patents, 1001, and cases therein cited.

It was stated by the Board of Appeals that "Fiber reinforcements in extruded or molded rubber materials are well known." Appellants did not question that statement nor call for an affidavit supporting it, and it must, therefore, be accepted as correct. See In re Pirani and Nitschke, 75 F.2d 223, 22 C.C.P.A., Patents, 1002; In re Eliot 76 F.2d 309, 22 C.C.P.A., Patents, 1088; and In re Lewis, 96 F.2d 1009, 25 C.C.P.A., Patents, 1273. Accordingly, the broad idea of using fiber reinforcements in the inner rubber-like layer of the structure disclosed in the patent to Billmeyer would not involve invention.

Counsel for appellants contend that there are special advantages involved in arranging the fibers transversely to the longitudinal axis of the apron. The arguments advanced in support of this contention have been carefully considered, but we are of opinion that the claimed arrangement involves nothing more than the exercise of ordinary mechanical skill.

We are of opinion that claims 3, 6, 9, and 11 were properly rejected on the patent to Billmeyer. It is unnecessary, therefore, that we consider the rejection of the appealed claims on the disclosure in the patent to Bacon.

The appeal is dismissed as to claims 8 and 10.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.